# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

JOSE GUERVARA, and others
Similarly situated,

    Plaintiff,

vs.

AUTO-CHLOR SERVICES, LLC,

    Defendant.
_____/

Plaintiff, JOSE GUERVARA ("Plainiff"), by and through undersigned counsel, files this Complaint against AUTO-CHLOR SERVICES, LLC ("Defendant"), and in support thereof state the following:

## JURISDICTION

1. This is an action to recover money damages for unpaid overtime wages, under the laws of the United States. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219, 28 U.S.C. § 1337 and the F.S.A. Const. Art 10 § 24, under 28 U.S.C. § 1343.

2. Plaintiff is a resident of Miami-Dade County, Florida and is within the jurisdiction of this Honorable Court.

3. The corporate Defendant, AUTO-CHLOR SERVICES, LLC is a Louisiana Limited Liability Company having a registered agent located in Florida listed at CT Corporation System, 1200 South Pine Island Road, Plantation FL 33324. Defendant conducts its business and has employed Plaintiff to conduct work in Miami-Dade, Broward and Palm Beach County, Florida.

4. This action is brought by Plaintiff and those similarly-situated to recover from Defendant unpaid overtime wages compensation, as well as additional amounts as liquidated damages, costs, and reasonable attorney's fees specifically under the provisions of 29 U.S.C. § 207.

5. Defendant was and is at all times pertinent to this Complaint, was engaged in interstate commerce. At all times pertinent to this Complaint, the Defendant operates as an organization which markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of numerous other states, and the Employer obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its

employees. Upon information and belief, the annual gross revenue of the Employer was at all times material hereto in excess of $500,000.00 per annum, and/or Plaintiff and those similarly-situated, by virtue of working in interstate commerce, otherwise satisfy the FLSA's requirements.

6. By reason of the foregoing, the Employer is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in § 3(r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s) and/or Plaintiff and those similarly-situated are within interstate commerce.

## **GENERAL ALLEGATIONS**

7. Defendant owns and/or operates a company that produces and installs dishwashing machines and maintains a corporate office in Broward County, Florida.

8. Defendant requires employees, such as Plaintiff, to work on its behalf in providing labor to Defendant's business.

9. Defendant at all material times to this Complaint acted in the capacity of employer to Plaintiff, including without limitation, directly and indirectly controlling the terms of employment of Plaintiff.

10. At all times material hereto, Plaintiff was performing his duties for the benefit and on behalf of Defendant.

11. All records of employment, including the number of hours actually worked by Plaintiff as an employee of Defendant are in the possession and custody of Defendant.

## COUNT I – UNPAID OVERTIME

12. Plaintiff re-alleges and reavers paragraphs 1 through 11 as though full set forth herein.

13. Plaintiff was hired by Defendant in approximately February, 2010 and was continuously employed by Defendant until September 18, 2010.

14. At all times material hereto, Plaintiff performed non-exempt duties as an installer and servicer for the Defendant in Miami-Dade, Broward and Palm Beach Counties.

15. As part of his duties for Defendant, Plaintiff would drive a company vehicle to service clients and customers of Defendant. While travelling from client to client for the benefit of Defendant, Plaintiff was an employee of Defendant and entitled to an hourly wage pursuant to the FLSA.

16. Upon information and belief, Plaintiff would routinely work between 75 and 95 hours per week for Defendant.

17. Plaintiff is entitled to be paid time and one-half of his regular rate of pay for each hour worked in excess of Forty (40) hours per work week.

18. At all times material to this Complaint, Defendant failed to comply with Title 29 U.S.C. § 201 *et seq.* in that Plaintiff and those similarly situated performed services and labor for Defendant in excess of the maximum hours provided by the FLSA for which Defendant made no provision to pay them time and a half compensation to which they were lawfully entitled for all of the hours worked in excess of forty within a work week.

19. Defendant knowingly, recklessly and willfully failed to pay Plaintiff one and one half times his regular rate of pay for all hours worked in excess of Forty (40) hours per week.

20. By reason of said intentional, willful and unlawful acts of Defendant, Plaintiff has suffered damages and incurred costs and reasonable attorney's fees.

21. As a result of Defendant's willful violation of the Act, Plaintiff is entitled to liquidated damages.

22. The similarly situated current and former employees are all those other employees who worked for Defendant and performed the same or similar duties as that of Plaintiff.

## COUNT II - RETALIATION

23. Plaintiff re-alleges and reavers paragraphs 1 through 11 as though full set forth herein.

24. Plaintiff was hired by Defendant in approximately February, 2010 and was continuously employed by Defendant until September 18, 2010.

25. Throughout the length of his employment with Defendant, Plaintiff had a satisfactory employment record.

26. On or about September 13, 2010, Plaintiff spoke with his manager at Defendant's Broward office about the fact that he was not being properly compensated for his hours worked in excess of 40 hours per week and that he deserved to be paid time and a half for such work.

27. Three days later, the supervisor informed Plaintiff that a client had complained about him but refused to provide information or documentation as to which client levied a complaint against him or provide a basis for the complaint.

28. Two days later, Defendant terminated Plaintiff's employment.

29. As a proximate result of Plaintiff's asking for overtime pay for work performed in excess of 40 hours for each week, Defendant terminated Plaintiff.

30. Any alleged reason asserted by Defendant for the termination of Plaintiff is merely a pretext to cover Defendant's retaliatory termination as a result of Plaintiff asserting his rights under the FLSA.

31. Defendants violated 29 U.S.C. § 215(a)(3) of the FLSA when they retaliated against Plaintiff because he demanded overtime pay.

32. Plaintiff is entitled to recover lost wages, as well as emotional damages resulting from the alleged acts of retaliation.

33. Defendant, intentionally and/or with reckless disregard, violated the provisions of the FLSA when it unlawfully terminated Plaintiff, and when it failed to pay him the required overtime wages.

34. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorney's fee.

WHEREFORE, Plaintiff respectfully requests front and back wages, emotional damages, liquidated (double) damages and reasonable attorney's fees and costs from Defendant pursuant to the FLSA as cited above, to be proven at the time of trial for overtime compensation owed to

Plaintiff, or as much as allowed by the FLSA, whichever is greater. In the event Plaintiff and those similarly situated do not recover liquidated damages, then Plaintiff and those similarly situated seek an award of prejudgment interest for the unpaid overtime and any and all other relief this Court deems reasonable under the circumstances.

Respectfully submitted this _____ day of February, 2011.

        /s/Bradley H. Trushin
        Bradley H. Trushin, Esq.
        Florida Bar No. 816371
        Douglas Schapiro, Esq.
        Florida Bar No. 54538
        Chepenik Trushin, LLP
        Attorneys for Plaintiff
        12550 Biscayne Boulevard
        Suite 904
        North Miami, FL 33181
        Tele: 305-981-8889
        Fax: 305-405-7979