UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 11-20800-CIV-SEITZ/O'SULLIVAN

JOSE GUERVARA                                )
                                             )
        Plaintiff,                           )
                                             )
vs.                                          )
                                             )
AUTO-CHLOR SERVICES, LLC,                    )
                                             )
        Defendant.                           )
                                             )
_____/

**ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant, Auto-Chlor Services, LLC ("Auto-Chlor" or "Defendant"), by and through its undersigned counsel, respectfully submits its Answer and Affirmative Defenses to Plaintiff's Complaint as follows:[1]

**JURISDICTION**

1.      Defendant admits the Court has jurisdiction over the instant action pursuant to federal question jurisdiction as Plaintiff's claim arises under the Fair Labor Standards Act ("FLSA").  Defendant denies that the Court has jurisdiction pursuant to 28 U.S.C. § 1343 because there are no civil rights claims pleaded by Plaintiff.

2.      Defendant denies the allegations contained in Paragraph 2 of the Complaint for lack of information sufficient to justify a belief in the truth therein.

---

[1] Defendant has not employed "Jose Guervara" – the plaintiff named in the caption. Defendant has employed "Jose Guevara."  For purposes of this Answer and Affirmative Defenses, Defendant will assume that the caption contains a typographical error and respond as if "Plaintiff" referred to "Jose Guevara."

{M0202851.1}

1

3. Defendant admits the allegations contained in Paragraph 3 of the Complaint.

4. Defendant is not called upon to admit or deny the allegations contained in Paragraph 4 of the Complaint.  Out of an abundance of caution, Defendant denies that it is liable to Plaintiff and/or similarly situated employees and that Plaintiff and/or similarly situated employees are entitled to any damages.

5. Defendant denies that it was an employer with respect to "similarly-situated" individuals and admits the remaining allegations contained in Paragraph 5 of the Complaint.

6. Defendant denies that it was an employer with respect to "similarly-situated" individuals and admits the remaining allegations contained in Paragraph 6 of the Complaint.

## GENERAL ALLEGATIONS

7. Defendant admits the allegations contained in Paragraph 7 of the Complaint.

8. Defendant admits the allegations contained in Paragraph 8 of the Complaint.

9. Defendant admits that it was Plaintiff's employer and denies the remaining allegations contained in Paragraph 9 of the Complaint.

10. Defendant denies the allegations contained in Paragraph 10 of the Complaint.

11. Defendant admits that it possesses records of employment pertaining to Plaintiff and denies the remaining allegations contained in Paragraph 11 of the Complaint.

## COUNT I - UNPAID OVERTIME

12. Defendant repeats and reurges its answers and defenses to Paragraphs 1 though 11 as if copied herein.

13. Defendant admits the allegations contained in Paragraph 13 of the Complaint except to note that Plaintiff was terminated on or about September 17, 2010.

14. Defendant admits the allegations contained in Paragraph 14 of the Complaint.

15. Defendant admits the allegations contained in Paragraph 15 of the Complaint.

16. Defendant denies the allegations contained in Paragraph 16 of the Complaint.

17. Defendant denies the allegations contained in Paragraph 17 of the Complaint.

18. Defendant denies the allegations contained in Paragraph 18 of the Complaint.

19. Defendant denies the allegations contained in Paragraph 19 of the Complaint.

20. Defendant denies the allegations contained in Paragraph 20 of the Complaint.

21. Defendant denies the allegations contained in Paragraph 21 of the Complaint.

22. Defendant denies the allegations contained in Paragraph 22 of the Complaint.

## COUNT II - RETALIATION

23. Defendant repeats and reurges its answers and defenses to Paragraphs 1 though 11 as if copied herein.

24. Defendant admits the allegations contained in Paragraph 24 of the Complaint except to note that Plaintiff was terminated on or about September 17, 2010.

25. Defendant denies the allegations contained in Paragraph 25 of the Complaint.

26. Defendant denies the allegations contained in Paragraph 26 of the Complaint.

27. Defendant denies the allegations contained in Paragraph 27 of the Complaint.

28. Defendant admits it terminated Plaintiff's employment and denies the remaining allegations contained in Paragraph 28 of the Complaint.

29. Defendant denies the allegations contained in Paragraph 29 of the Complaint.

30. Defendant denies the allegations contained in Paragraph 30 of the Complaint.

31. Defendant denies the allegations contained in Paragraph 31 of the Complaint.

32. Defendant denies the allegations contained in Paragraph 32 of the Complaint.

33. Defendant denies the allegations contained in Paragraph 33 of the Complaint.

34.     Defendant denies the allegations contained in Paragraph 34 of the Complaint for lack of information sufficient to justify a belief in the truth therein.

## AFFIRMATIVE DEFENSES

The Complaint fails to state any claim upon which relief may be granted with respect to Florida Constitutional or state law claims.

## SECOND DEFENSE

This action may not proceed as a collective action under the Fair Labor Standards Act ("FLSA") because all of the requirements of 29 U.S.C. § 216(b) have not been and cannot be satisfied.

## THIRD DEFENSE

Defendant denies liability to Plaintiff and others alleged to be similarly situated. Alternatively, Defendant acted in good faith and without malice at all times, such that any alleged act or omission was not willful, but was in good faith in conformity with and in reliance on administrative regulations, orders, rulings, approvals, and/or interpretations of an agency of the United States, or administrative practices or enforcement policies of such agency.  Defendant conducted itself with good faith and had reasonable grounds for believing that any alleged action or omission was not in violation of the FLSA, and likewise any alleged violation was neither knowing or in reckless disregard to any alleged rights of Plaintiffs under the FLSA.

## FOURTH DEFENSE

Defendant reserves the right to amend this Answer and Affirmative Defenses to assert any additional affirmative defenses, including in particular those affirmative defenses set forth in Federal Rule of Civil Procedure 8(c), when and if, in the course of its investigation, discovery, or preparation for trial, such defenses become known or available or it becomes otherwise appropriate

{M0202851.1}

to assert such defenses.

WHEREFORE, Defendant, prays that this, its Answer and Affirmative Defenses to the Plaintiff's Complaint, be deemed good and sufficient, and that, after due proceedings there be judgment in its favor and against Plaintiff, thereby dismissing all claims asserted therein, and that cost and attorneys' fees be assessed against Plaintiff, and for such other and further relief as justice and law may require.

Dated:  April 18, 2011                                Respectfully submitted,

/s/ Laurie M. Chess
Laurie M. Chess
Florida Bar Number:  657751
Attorney for Defendant
Jones, Walker, Waechter, Poitevent,
 Carrere & Denegre, L.L..
601 Brickell Key Drive, Suite 500
Miami, FL 33131
Telephone:  305-679-5728
Facsimile: 305-679-5710
Email:  lchess@joneswalker.com

{M0202851.1}

## Certificate of Service

I hereby certify that I electronically filed the foregoing document with the Clerk of the Court by using CM/ECF. I also hereby certify that a true and correct copy of the foregoing was served via transmission of Notices of Electronic Filing generated by CM/ECF on this 18th of April, 2011, on the Service List below.

/s/ Laurie M. Chess
Laurie M. Chess

## SERVICE LIST

Bradley H. Trushin
Douglas Schapiro
btrushin@ctllp.com
dschapiro@ctllp.com
Chepenik Trushin, LLP
12550 Biscayne Boulevard, Suite 904
Miami, FL 33181
Telephone: 305-981-8889
Facsimile: 305-405-7979
Attorneys for Plaintiff
Jose Guervara

{M0202851.1}